IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No. 03-cv-00168-LTB

ELIZABETH HACKETT,

        Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

        Defendant.
_____

ORDER
_____

This matter is before me on an Application for an Award of Reasonable Attorney Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, filed by Plaintiff, Elizabeth Hackett, following the Tenth Circuit of the United States Court of Appeals' ruling affirming in part, reversing in part, and remanding the Social Security Administration ("SSA") Commissioner's final decision that denied Plaintiff's application for disability insurance benefits. *See Hackett v. Barnhart*, 395 F.3d 1168 (10th Cir. 2005).

I. BACKGROUND

Plaintiff sought judicial review with the Court of Appeals of my order dated December 12, 2003, affirming the SSA Commissioner's final decision that denied her application for disability insurance benefits. On January 24, 2005, the Tenth Circuit affirmed in part and reversed in part the Commissioner's order, and remanded the matter to this court with directions to remand to the SSA for additional proceedings.

In its ruling, the Court of Appeals affirmed on all grounds except Plaintiff's narrow claim that the Administrative Law Judge (the "ALJ") failed to reconcile the vocational expert's (the "VE") testimony regarding two jobs available to Plaintiff, with the related job descriptions in the *Dictionary of Occupational Titles* (the "DOT"). A judgment consistent with that ruling was subsequently entered from this court on May 20, 2005. Plaintiff now seeks an award of attorney fees pursuant to the EAJA.

## II. LAW

The EAJA provides for an award of attorney fees to a prevailing party, other than the United States, in a civil action brought by or against the United States, unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). The substantial justification test is one of reasonableness in law and fact; a position is substantially justified if it is "justified in substance or in the main — that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). A "position can be justified even though it is not correct, and ... it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct ." *Id.* at 566, FN.2

The reasonableness test breaks down into three parts. The government bears the burden to show that: 1) there is a reasonable basis for the facts alleged; 2) there exists a reasonable basis in law for the theory it propounds; and 3) the facts alleged will reasonably support the legal theory advanced. *Gatson v. Bowen*, 854 F.2d 379, 380 (10th Cir. 1988). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil

action is based) which is made in the civil action for which fees and other expenses are sought."
28 U.S.C. §2412(d)(1)(B); *see also Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

"[T]he EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole, rather than as atomized line-items." *Commissioner, Immigration & Naturalization Serv. v. Jean,* 496 U.S. 154, 161-62, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). Thus, I must look at the totality of circumstances to determine whether the government acted reasonably in taking a stance during the litigation. *Roanoke River Basin Ass*n v. Hudson,* 991 F.2d 132, 138 (4th Cir. 1993).

### III.  UNDERLYING RULINGS

The ALJ found that Plaintiff was not disabled. On appeal to this court, Plaintiff challenged this determination on numerous grounds. As relevant here, Plaintiff challenged the ALJ's determination that she was capable of performing other jobs existing in the national economy (Step Five of the sequential disability assessment process). Plaintiff asserted that the ALJ erred in relying on the testimony of the VE to support this determination. The VE testified at the hearing in front of the ALJ that a person with Plaintiff's RFC could perform the jobs of call-out operator and surveillance system monitor, because these jobs were sedentary, unskilled and required no direct public contact. Plaintiff argued, among other things, that the ALJ erred in relying on the VE's testimony because there were discrepencies between the VE's characterizations of these jobs and the descriptions set forth in the DOT. I concluded that although the ALJ did err – in that the ALJ inaccurately stated in his decision that the VE acknowledged such conflict when, in fact, there is no support thereof in the record – I further determined that such error was harmless because nothing in the applicable DOT provisions conflicted with the VE's testimony that the jobs

of call-out operator and surveillance system monitor were sedentary, unskilled, and required no direct public contact.

The Court of Appeals also found no conflict between the DOT descriptions of the designated jobs and the VE's testimony related to the requirement that Plaintiff have no direct public contact. *Hackett v. Barnhart*, *supra*, 395 F.3d at 1175. However, the Court of Appeals did find an "apparent conflict" between: 1) the ALJ's RFC finding that Plaintiff "retained the attention, concentration, persistence, and pace level required for simple and routine work tasks;" and 2) the level-three reasoning (defined as the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [, and d]eal with problems involving several concrete variables in or from standardized situations") as required by the DOT descriptions of the call-out operator job and the surveillance system monitor job. *Id.* at 1176 (*citing* DOT, Vol. II at 1101, Scale of General Educational Development, Level Three Reasoning Development; Vol. I at 281, # 379.367-010; and Vol. I at 207, # 237.367.014). Because *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999) requires that the ALJ must elicit a reasonable explanation from the ALJ of any discrepancies between his or her testimony and the job requirements set forth in the DOT, the Tenth Circuit reversed "this portion of the ALJ's decision and remand[ed] to allow the ALJ to address the apparent conflict between Plaintiff's inability to perform more than simple and repetitive tasks and the level-three reasoning required by the jobs identified as appropriate for her by the VE." *Hackett v. Barnhart*, *supra*, 395 F.3d at 1176; *see also* SSR 00-4P (essentially codifying the decision in *Haddock v. Apfel*, *supra*).

IV. ANALYSIS

The parties agree that the sole issue raised here is whether the Commissioner's litigation position on appeal was substantially justified to a degree that could satisfy a reasonable person, thus barring an award of attorney fees under the EAJA.

The Commissioner's litigation position regarding the issue here was that there was no significant conflict between the ALJ's RFC assessment of Plaintiff's mental capabilities and the reasoning requirements in the DOT descriptions of the applicable jobs (of call-out operator and surveillance system monitor) as designated by the VE.  Specifically, the Commissioner asserted that because Plaintiff's RFC included the ability for perform simple and routine work tasks, the Commissioner argues that she was capable of performing unskilled work as defined by 20 C.F.R. §404.1568(a) and 20 C.F.R. §404.152 which, when read together, establish that unskilled work requires the ability to understand, carry out, and remember only simple instructions and duties. *See also* SSR 85-15 and 96-9p.  The Commissioner argued that because the SSA regulations and related rulings can be read to establish that unskilled work requires the ability to understand and carry out only simple instructions and duties, as well as exercise of little judgment, the RFC determination that Plaintiff had the ability to perform simple and routine work tasks indicated that she retained the mental abilities to perform unskilled work – including the unskilled jobs that the VE identified in his testimony.  As a result, the Commissioner argues that the level-three reasoning requirements in the relevant DOT descriptions of the identified jobs are "inconsistent with the SSA's policies and definitions" as set forth in the rulings and regulations pertaining to the definition of unskilled jobs.

Plaintiff now contends that the Commissioner's litigation position in the underlying appeal was not substantially justified in that there exists a no reasonable basis for the legal theory advanced. Specifically, Plaintiff asserts that the Commissioner's contention that a regulatory basis exists for rejecting the level-three reasoning ratings in the relevant DOT job descriptions was not reasonable, and that the Commissioner's position unreasonably advocates that when a particular job is deemed as "unskilled" in the DOT, the designated reasoning ratings should be disregarded.

For the purposes of assessing a fee award under the EAJA, the Commissioner's legal position, although ultimately a losing one, was sufficiently reasonable to avoid an award of attorney fees under the EAJA. I agree with Plaintiff that the designation of a job as "unskilled" – even when that term is defined in accord with the Commissioner's argument – does not necessarily preclude consideration of an alleged inconsistent reasoning rating in assessing the complexity and requisite skills needed to perform a particular job. However, the legal argument advanced by the Commissioner, and the underlying rationale and reasoning, although admittedly complex, is not without basis in the law. *Compare with Gatson v. Bowen*, *supra*, 854 F.2d at 381 (SSA's position was unreasonable, and thus lacked substantial justification under the EAJA, when it argued an incorrect theory of law). In addition, I note that the Court of Appeals rejected most of Plaintiff's claims on appeal, and only remanded on this very narrow question. Thus, under the totality of circumstances to determine whether the Commissioner acted reasonably, I conclude that its litigation position on appeal was substantially justified and, as such, bars an award of attorney fees under the EAJA.

Accordingly, IT IS ORDERED that Plaintiff's Application for an Award of Reasonable Attorney Fees Under Equal Access to Justice Act [#28] is DENIED.

Dated: December  8 , 2005 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, CHIEF JUDGE